# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1628V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| ARMAND THOMAS, | * | |
| | * | |
| Petitioner, | * | Filed: December 18, 2017 |
| | * | |
| v. | * | Decision; Final Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Michael McLaren,* Black McLaren, Memphis, TN, for Petitioner.

*Ann Martin,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING A FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 9, 2016, Armand Thomas filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffered from Guillain-Barré syndrome as a result of receiving the influenza vaccine on December 12, 2013. The parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on October 19, 2017, which I adopted by decision the next day (ECF No. 19).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated November 28, 2017. *See* Motion for Attorney's Fees, dated Nov. 28, 2017 (ECF No. 24) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $23,503.34 (representing $20,757.00 in attorney's fees, plus $2,746.34 in costs). *Id.* at 1. In accordance with General Order No. 9, Petitioner indicated that he has not incurred any costs related to the matter. *Id.* at 42. Respondent filed a document reacting to the fees request on December 15, 2017, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 25 at 2-3.

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the three attorneys and paralegals from the Black McLaren firm who worked on this matter be reimbursed at varying rates for work performed from 2016-2017. I have previously found that Black McLaren is entitled to forum rates. *See Wilson v. Sec'y of Health & Human Servs.*, No. 15-521V, slip op. (Mar. 29, 2017); *Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The hourly

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

rates I awarded in *Wilson* and *Pancoast* to the attorneys who worked on this matter, as well as their law clerks, are the same as those requested herein, and I will likewise award them.

The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs to obtain medical records, pay the filing fee, and to travel to meet with the client are similarly reasonable, and will be awarded.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$23,503.34**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael G. McLaren, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.